

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. J. Luckett
County Attorney
Comal County
New Braunfels, Texas

Dear Sir:

Opinion No. O-4080
Re: Can bond be made for a
person who has been
adjudged feeble minded
so that no warrant to con-
vey such person to the
Austin State School will
be issued?

Your request for our opinion on the hereinabove
captioned question has been received by this department. We
quote from your letter as follows:

"I would like for you to please give me
an opinion on the following question, to-wit:
'Can bond be made for a person who has been
adjudged feeble minded so that no warrant to
convey such person to the Austin State School
will be issued'?

"The following statutes are involved:

"Art. 3871, R.S., provides that '---
the judge shall arrange to send such person
to said school in like manner in all respects
as is provided for the sending of insane pa-
tients to an asylum.'

"Art. 5557 provides for the manner of
sending a person adjudged to be of unsound
mind to an asylum, etc., and Art. 5558 pro-
vides that no warrant shall issue if some
relative or friend of the lunatic will execute
a bond to take care of and restrain such lunatic."

The primary purpose of the insanity proceedings authorized under Title 92 of the Revised Civil Statutes of Texas (Articles 5550-5561a, V.A.C.S.), is to determine whether the alleged lunatic should be confined because of his danger to, and the safety of, society. This fact is manifest from the issues required to be submitted to the jury trying the case under the provisions of Article 5552, and under the provisions of Article 5553.

Articles 5552 and 5553, Vernon's Annotated Civil Statutes, read as follows:

"Art. 5552.  155  Special issues submitted

"After the evidence is heard the county judge shall submit the matter to the jury upon the following special issues:

"1.  Is A B, the defendant, of unsound mind?

"2.  If the defendant is of unsound mind, is it necessary that he should be placed under restraint?

"3.  If you answer both the foregoing questions in the affirmative, then what is the age and nativity of the defendant?

"4.  How many attacks of insanity has he had, and how long has the present attack existed?

"5.  Is insanity hereditary in the family of defendant or not?

"6.  Is defendant possessed of any estate, and if so, of what does it consist and its estimated value?

"7.  If the defendant is possessed of no estate, are there any persons legally liable for his support?  If yea, name them.  Acts 1876, p. 138.

Honorable A. J. Luckett, Page 3

"Art. 5553.   156 Verdict

"The jury shall return plain answers in
writing to the issues named in the preceding
article, but, if they find either the first
or second issues in the negative, they need
not determine further, and the defendant shall
be discharged."

Under the provisions of Article 5553, therefore, a
person, although found to be insane by the jury, must be dis-
charged if the jury finds that there is no necessity of placing
him under restraint.

Also, under the insanity proceedings of Title 92, Sec-
tion 1 of Article 5561a, Vernon's Annotated Civil Statutes, pro-
vides, in part, that:

"If information in writing under oath
be given to any county judge that any person
in his county, not charged with a criminal
offense, is a person of unsound mind, and
that the welfare of either such person or
any other person or persons requires that
he be placed under restraint, and such coun-
ty judge shall believe such information to
be true, he shall forthwith issue a warrant
for the apprehension of such person, * * *."
(Underscoring ours)

Section 2 of said Article provides, in part, that:

"The warrant provided for herein shall
run in the name of 'The State of Texas,' and
shall be directed to the sheriff or any constable
of the county, and the officer receiving same
shall forthwith take into custody the person
named therein, and at the designated time and
place shall have him and the return of said war-
rant before the County Judge for examination
and trial, * * *."   (Underscoring ours)

Under the provisions of the quoted sections, the of-
ficer is directed to take such person into custody, pending the
hearing, if the county judge from such information believes --
not only that it is true that such person is of unsound mind,

but, in addition, that the welfare of either such person or any other person or persons requires that he be placed under restraint. There is no provision under Title 92 authorizing the giving of an appearance bond pending the disposition of said case at the hearing. He is therefore not entitled to be released on bail pending the hearing. See Ex parte Roark (Tex. Crim. App.) 61 S. W. (2d) 833.

If, as previously mentioned, it is found by the jury that he is insane but not necessary to be placed under restraint, he is discharged. If he is found both insane and necessary to restrain, Article 5554 requires that judgment shall be entered "adjudging the defendant to be a person of unsound mind and ordering him to be committed for restraint and treatment * * *."

Article 5557, Vernon's Annotated Civil Statutes, provides that immediately after such judgment the county judge, if he ascertains that there is a vacancy in any of the prescribed asylums, or that the patient may be accommodated therein, shall issue a warrant to convey such lunatic to the asylum.

Article 5558, Vernon's Annotated Civil Statutes, however, provides:

> "Art. 5558. 162 Relative or friend may give bond, etc.
>
> "No warrant to convey a lunatic to the asylum shall issue if some relative or friend of the lunatic will undertake, before the county judge, his care and restraint and will execute a bond in a sum to be fixed by the county judge, payable to the State of Texas, with two or more good and sufficient sureties to be approved by the county judge, conditioned that the party giving such bond will restrain and take proper care of the lunatic so long as his mental unsoundness continues or until he is delivered to the sheriff of the county or other person, to be proceeded with according to law, which bond shall be filed with and constitute a part of the record of the proceedings, and may be sued and recovered upon by any party injured, in his own name."

(Underscoring ours)

Honorable A. J. Luckett, Page 5

We are of the opinion, therefore, from the provisions of the articles hereinabove referred to, that the primary purpose of the enactment of these statutes, under Title 92, was to keep the insane under restraint, where they are in such an unfortunate condition as to be likely to harm either themselves or some other person.

We do not wish to be understood, however, as holding that the State did not also, by the enactment of these and other statutes, intend to provide for the proper treatment, and thereby hope to effect cures, of our unfortunate insane. Our sole purpose in analyzing the hereinabove mentioned provisions of Title 92, is to determine whether the Legislature, by the language used in the last clause of Article 3871 of Title 59, Vernon's Annotated Civil Statutes, dealing with proceedings in cases of feeble minded persons, intended to make Article 5558 apply to persons found by the court to be feeble minded.

Title 59 of the Revised Civil Statutes (Articles 3867-3871, V.A.C.S.) prescribes the proceedings in cases of feeble minded persons. These proceedings, as the lunacy proceedings under Title 92, are purely statutory and the court in such cases has only such authority as is either expressly given or clearly implied by the controlling statutes.

There is no express provision under Title 59 authorizing the making of a bond for a person who has been adjudged a feeble minded person under the proceedings of said Title. Can the authority for such a bond be clearly implied from the language used in the last clause of Article 3871? Said Article provides that:

"Art. 3871. Commitment

"If such person be found to be feeble minded, the court shall enter its order so adjudging him, and that he be committed to the custody of the Austin State School. Upon the entry of such order, the judge shall cause to be prepared a transcript of the proceedings and evidence, which shall show the age, sex, race, status and mental condition of the patient, all of which he shall certify to be correct, and transmit the same to the superintendent of such school. If the patient is entitled to be received into the school, and there is sufficient room therein, the superintendent shall notify said judge thereof, whereupon the judge

> shall arrange to send such person to said
> school in like manner in all respects as
> is provided for the sending of insane pa-
> tients to an asylum." (Underscoring ours)

From the language used in the underscored portion of the quoted statute, we do not think that the Legislature intended to make the provisions of the bond in Article 5558 applicable to persons adjudged feeble minded under Title 59.

In our opinion the Legislature, by said underscored portion of Article 3871, merely had reference to such matters, for example, as the furnishing of such clothing as provided for in Article 5560.

The main reason, however, upon which we base our opinion that the bond was not intended to apply in feeble minded cases, is that a person who has been adjudged feeble minded is not in custody as is one who has been adjudged insane and ordered held under restraint, and therefore there is no necessity for such a bond.

Article 3233, Vernon's Annotated Civil Statutes, defines feeble minded persons as follows:

"Art. 3233. Feeble minded persons defined

"A feeble minded child, as defined herein,
is one of such feeble mental or moral powers as
to be unable to profit by the ordinary methods
of education as employed in the common schools.
A feeble minded adult is one who is unable under
ordinary circumstances to protect and support
himself as a law abiding citizen because of
lack of mental power."

When a person is charged with being feeble minded under Article 3867, he must be served with citation and given notice as provided in Article 3869.

We have been unable to find any statutory authority, however, for the apprehension or the taking into custody of a person charged with being feeble minded. Neither does there appear to be any authority to place him in jail or keep in custody after he has been adjudged feeble minded. The only authority to commit is found under the provisions of Article 3871, and such commitment is "to the custody of the Austin State School."

Where a person has been found to be feeble minded by the court and there is no vacancy in the Austin State School, we know of no authority under which such a feeble minded person can be held in custody by anyone until such time as a vacancy may exist in said school. There can be, therefore, no necessity for such a bond as is provided for in the case of a person adjudged insane and necessary to be kept under restraint in order that he will not injure himself or others.

The purpose underlying our statutes providing for proceedings in feeble minded cases, appears to be the training of and caring for them, rather than confining them because of danger of injury to themselves or others, as in the case of insane persons.

The original Act creating the State Colony for the Feeble Minded (now Austin State School) was passed in 1915. (Acts 34th Legislature, P. 143). The emergency clause of said Act read, in part, as follows:

"The fact that there is now no law providing for the training or care of the feeble minded in this State, * * *." (Underscoring ours)

In view of the foregoing, it is the opinion of this department, under the facts stated, that your question should be answered in the negative, and it is so answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 29 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Edgar Pfeil
Assistant

EP:RS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN